IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


THOMAS C. OBRYANT,

    Plaintiff,

vs.                                      CASE NO. 1:08CV234-MP/AK

E.T. WILSON, et al,

    Defendants.

                                            /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted a civil rights complaint without either the filing fee or a motion for leave to proceed *in forma pauperis*. (Doc. 1). He was directed to do one or the other and he responded by filing a motion to proceed *in forma pauperis* (doc. 6), which was granted in error. (Doc. 7).

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had *at least* three prior prisoner actions dismissed within this District alone on the grounds that they were frivolous or failed to state a claim. Court records reflect that case number 5:04cv130/SPM/AK was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) on November 10, 2004. In addition, case 5:04cv114/SPM/AK was dismissed for failure to state a claim due to plaintiff's failure to exhaust his administrative remedies[1] on October 16, 2008, and his appeal in case 5:05cv131/RS/EMT was dismissed as frivolous on October 31, 2008. (Doc. 249). Thus, plaintiff has had three actions or appeals dismissed as frivolous or for failure to state a claim. Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*

The instant complaint has been reviewed and Plaintiff's allegations of denial of due process do not bring him within the "imminent danger" exception. *See* doc. 1.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and the Order granting him such leave was in error (doc. 7) and will be vacated by separate order. Furthermore, because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, this case must be dismissed. The Eleventh Circuit Court of Appeals has clarified that the proper procedure in such a situation is not to give the inmate time in which to pay the fee, rather dismissal is required if a "three

---

[1] *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

**No. 1:08cv234-MP/AK**

striker" does not pay the filing fee at the time he submits the complaint.  <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002).  Thus, this case should be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this  **15th**  day of January, 2009.

*s/ ALLAN KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08cv234-MP/AK**