IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THOMAS C O'BRYANT,

    Plaintiff,

v.                                                     CASE NO. 1:08-cv-00234-MP-AK

E T WILSON, et al.,

    Defendants.

_____/

# **O R D E R**

This matter is before the Court on Doc. 9, the Report and Recommendation of the Magistrate Judge, recommending that this matter be dismissed under 28 U.S.C. § 1915(g) because Plaintiff has on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Plaintiff filed objections, Doc. 11, in which he claims that the judgments against him were either not "strikes" covered by 28 U.S.C. § 1915(g) or were not prior to the filing of the instant case.

A review of the records of his prior cases shows that Plaintiff's arguments are without merit. In 5:04-cv-00130-SPM-AK, the Order at Doc. 12 dismissed the case and adopted and incorporated the Report and Recommendation, at Doc. 9, which stated:

> Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In 5:04-cv-00114-SPM-AK, the Order at Doc. 70 dismissed the case, stating:

> This case is ***dismissed*** pursuant to 42 U.S.C. § 1997 for failure to state a claim due to Plaintiff's failure to exhaust his administrative remedies.

Finally, in Case 3:03-cv-00803-HES-MCR, in the Middle District of Florida, Plaintiff had his complaint dismissed for failure to state a claim due to its untimeliness.

Plaintiff admits that 5:04-cv-00130-SPM-AK should count as a strike. Second, Plaintiff admits that the final district court order closing the case in 5:04-cv-00114-SPM-AK occurred October 16, 1998, before he filed the instant suit. He claims to have filed a notice of appeal that never appeared on the docket. Nothing in the record supports this claim, and the Court rejects it. Finally, although not discussed in the Report and Recommendation,[1] the dismissal in 3:03-cv-00803-HES-MCR was for failure to state a claim because the face of the complaint showed that it was untimely, and the Court rejected his motion for certificate of appealability and his motion to proceed in forma pauperis. See Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. ") Thus, Plaintiff, at the time he filed the instant suit, had three final dismissals that count as strikes under 28 U.S.C. § 1915(g).

Thus, Plaintiff's suit should be dismissed without prejudice, with Plaintiff being required

---

[1] In the Report and Recommendation, the Magistrate Judge relied upon the dismissal of O'Bryant's appeal in 5:05cv131/RS/EMT as frivolous on October 31, 2008. (Doc. 249 in that case). However, in his objections, O'Bryant points out that a motion to reconsider was filed in that case, which was not rejected until two months after he filed the instant action. The undersigned therefore relies upon the Middle District case described herein.

to refile with full payment of the filing fee. However, in Doc. 20, Plaintiff indicates that he paid the entire filing fee, and docket records appear to reflect that this assessment is accurate. He asks, in Doc. 23, that if the Court dismisses this case, the filing fee he paid should be returned to him. It should be noted that dismissal is mandatory under 28 U.S.C. § 1915(g) when the fee is not paid up front in full. Medberry v. Butler, 185 F.3d 1189, 1191 (11th Cir. 1999) ("Thus, if a prisoner has had three or more cases dismissed for one of these three reasons, a court must dismiss the prisoner's case.") On the other hand, the Court agrees with Plaintiff that fairness dictates that Plaintiff's filing fee be returned to him.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This case is dismissed without prejudice and the Clerk is directed to close the file.

3. The part of the motion at Doc. 23 which requests that the filing fee be returned to the Plaintiff if the case is dismissed is granted. The motion is denied in all other respects. The Clerk is directed to return to Plaintiff the amount of the filing fees he has paid in this case.

4. The motions to expedite at Docs. 16 and 22 are denied as moot.

**DONE AND ORDERED** this _12th_ day of March, 2010

       *s/Maurice M. Paul*
       Maurice M. Paul, Senior District Judge